IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NICHOLAS KUHAR, et. al.,

          Plaintiffs,

    v.

PETZL COMPANY, et. al.,

          Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action No.
16-395 (JBS/JS)

**OPINION**

APPEARANCES:

Brett Cody Schneider, Esq.
CHANCE AND MCCANN
201 West Commerce Street
Bridgeton, NJ 08302
    Attorney for Plaintiff

Robert George Devine, Esq.
WHITE & WILLIAMS LLP
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
    Attorney for Defendant

**SIMANDLE, Chief Judge:**

# I.   INTRODUCTION

In this action, Plaintiffs Nicholas Kuhar and Julie Kuhar
(hereinafter "Plaintiffs") bring a products liability suit
against Petzl Company, its subsidiary Petzl America, and
Bailey's Corporation (hereinafter, "Defendants") for
respectively manufacturing and selling an allegedly defective
safety harness which caused serious injury to Plaintiff
Nicholas. (See generally Compl. [Docket Item 1-1.]) Plaintiff
Nicholas alleges that on or about December 24, 2013, he was

cleaning gutters in Alloway, New Jersey while secured by a harness, which Defendant brands as a "Micrograb," manufactured by Defendant Petzl and sold by Defendant Bailey's Corporation. (See Compl. at ¶¶ 3-6; see also Defendant Exhibit C.) Plaintiffs allege that the Migrograb snapped, causing Plaintiff Nicholas to fall thirty-seven feet onto the concrete below, resulting in severe and permanent bodily harm. Plaintiffs bring claims for negligence, strict liability, breach of warranty, gross negligence, misrepresentation, and loss of consortium.

Against this backdrop, Defendant Petzl America brings a motion to dismiss Plaintiffs' negligence, gross negligence, implied warranty, and failure to warn claims, on the grounds that these claims are subsumed by the New Jersey Products Liability Act of 1987 (hereinafter "PLA"). See generally N.J.S.A. 2A:58C. Defendant also moves to dismiss the breach of express warranty claim as untimely. (See Def. Br. at 13-15.) For the reasons that follow, the Court will grant in part and deny in part Defendant's motion.

## II.  BACKGROUND

### A.   Factual and Procedural Background[1]

---

[1] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Complaint, documents explicitly relied upon in the Complaint, and matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

Plaintiffs are a married couple who reside in New Jersey. (Compl. at ¶¶ 7 & 8.) On December 24, 2013, Plaintiff Nicholas Kuhar was cleaning gutters at a house in Alloway when the Micrograb safety harness[2] with which he had secured himself failed, causing him to fall thirty seven feet onto the concrete below. (Id. at ¶¶ 18.) Plaintiff Nicholas sustained serious injuries from the fall including, but not limited to, a fractured hip, pelvis, thumb, and three vertebrae, and a burst fracture of his spinal cord. (Id.) Plaintiffs allege that the harness in question was produced by Defendant Petzl America[3] and distributed and sold by Defendant Bailey's Corporation. (Id. at ¶¶ 3 & 4.) Petzl America is headquartered and incorporated in Utah, and is a producer and supplier of the Micrograb device. (Id. at ¶ 10.) Bailey's Corporation is headquartered and incorporated in California. (Id. at ¶ 11.)

Plaintiffs filed suit in the Superior Court of New Jersey, Salem County, and claimed damages against the named Defendants for injuries received from Plaintiff Nicholas's fall under six

---

[2] Plaintiffs informally refer to the device as a "safety harness" in their Complaint. Defendant specifies that the product in question was marketed as a "Micrograb" (See Def's Br. at 3.) For purposes of this Opinion, the Court will refer to the device as a Micrograb. The Court's disposition of the instant motion does not hinge on the labeling of the device.
[3] Plaintiffs name two related corporate entities in their complaint – Petzl Company and Petzl America. (Compl. at ¶¶ 9 & 10.) Defendants assert that only Petzl America actually exists as a distinct legal entity. (Def. Br. at 3.) The Court need not address this discrepancy for the purposes of the instant motion.

counts: (1) negligence, (2) strict liability pursuant to the New Jersey Products Liability Act, (3) breach of warranty (express and implied), (4) gross negligence, (5) misrepresentation, and (6) loss of consortium.[4] Plaintiffs also bring claims against any unnamed individuals and corporations who may be involved in the action (Id. at ¶¶ 45 & 46.) Defendants timely removed the matter to federal court in the District of New Jersey, which has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.

Defendants now seek to dismiss Counts 1, 3, 4, and 5 of the Complaint, contending that they are subsumed by the PLA. Defendants argue that causes of action -- for negligence, breach of implied warranty, gross negligence, and misrepresentation -- no longer exist under the laws of the state of New Jersey in products liability suits after the passage of the PLA. Additionally, Defendants assert that Plaintiff's breach of express warranty claim in Count 3 should be dismissed as untimely. Plaintiff offered no response to the legal arguments of the Defendant.[5]

---

[4] The loss of consortium action is filed on behalf of Plaintiff Julie Kuhar, while all other counts are on behalf of Plaintiff Nicholas.

[5] In lieu of a brief opposing Defendants' motion to dismiss, Plaintiffs filed a letter with the Court seeking additional discovery. [Docket Item 7.] However, as this is a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., Defendants' arguments for dismissal hinge on legal, not factual, matters, and the Court rejects Plaintiffs' position that discovery is

## III. STANDARD OF REVIEW

When determining the merits of a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, at 120 (3d Cir. 2012) (citations omitted). However, in order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

New Jersey adopted the Products Liability Act in 1987 in an attempt to streamline products liability suits under one theory and cause of action. See N.J. Stat. Ann. § 2A:58C-1 (explaining that the legislature enacted the PLA "to establish clear rules with respect to certain matters relating to actions for damages for harm caused by products."). Since the passage of the PLA, the Supreme Court of New Jersey has observed that "there came to

---

necessary for the disposition of this motion. Accordingly, the Court will treat the motion to dismiss as unopposed. Nonetheless, the Court has researched and carefully considered the legal issues decided in this Opinion.

be one unified, statutorily defined theory of recovery for harm caused by a product, and that theory is, for the most part, identical to strict liability." In re Lead Paint Litig., 191 N.J. 405, 436, 924 A.2d 484, 503 (2007) (quoting William A. Dreier et al., New Jersey Products Liability & Toxic Torts Law § 1:2-1 (2007)).

The PLA states that a "'[p]roduct liability action' means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J.S.A. § 2A:58C-1 (emphasis added). The statute is clear that all theories of liability for damages from harm caused by a product meet the definition of a product liability action under the PLA, with the exception of express warranty claims.

The Supreme Court of New Jersey[6] has followed the clear language of the statute in its interpretation of the PLA, holding that "[t]he PLA is both expansive and inclusive, encompassing virtually all possible causes of action relating to

---

[6] The Third Circuit has followed the New Jersey Supreme Court's lead in holding that common law products liability claims are subsumed by the PLA. See Repola v. Morbark Indus., Inc., 934 F.2d 483, 485 (3d Cir. 1991) (throwing out a jury verdict on a negligence cause of action because "the NJPLA does subsume common law negligence claims"); Port Auth. of New York & New Jersey v. Arcadian Corp., 189 F.3d 305, 313 (3d Cir. 1999) (dismissing negligence claim because it "is based solely on harm caused by defendants' allegedly defective products. It therefore falls within the New Jersey Product Liability Act").

harms caused by consumer and other products." <u>Lead Paint</u> 191 N.J. at 436-37, 924 A.2d at 503. <u>See also</u> <u>Sinclair v. Merck & Co.</u>, 195 N.J. 51, 54, 948 A.2d 587, 589 (2008) (holding that plaintiff's claims against a drug manufacturer under theories of negligence and Consumer Fraud Act must be dismissed because "the PLA is the sole source of remedy for plaintiffs' defective product claim").

Plaintiffs' Counts 1, 3, 4, and 5 seek redress for harm allegedly caused by the malfunction of Defendant's Micrograb device on or about December 24, 2013; Plaintiffs' negligence, gross negligence, implied breach of warranty, and misrepresentation claims all stem from the harm caused by that alleged failure. Most claims for relief in this case therefore easily meet the PLA's broad definition on what constitutes a "product liability action." Accordingly, the Court concludes that Plaintiffs' negligence, gross negligence, implied breach of warranty, and misrepresentation claims are indeed subsumed by the PLA, and must be dismissed from the action.[7] Defendants' motion to dismiss will be granted to the extent that it seeks to dismiss Counts 1, 4, and 5 in their entirety and Count 3 in part as a matter of law. This dismissal will operate with prejudice.[8]

---

[7] Count 2 of the Plaintiff's allegations are appropriately brought under the strict liability theory of the PLA, and are not challenged in this motion (<u>See</u> Compl. at ¶¶ 25-27.)

[8] A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue

Defendants also move to dismiss Plaintiffs' breach of express warranty claim, included in Count 3 of the Complaint, on the grounds that the Micrograb's warranty had already expired before Plaintiff Nicholas's accident.[9] Petzl's Micrograb device was sold accompanied by a three year warranty. (Def. Br. Ex. C [Docket Item 6-1].) Defendants argue that Micrograb devices were only produced by Petzl in 2005, and that Plaintiffs' counsel represented that Plaintiff Nicholas's Micrograb was purchased more than three years before the accident in 2013. (Def. Br. at 5-8.) Accordingly, according to Defendants, Plaintiffs' claim for breach of express warranty must be dismissed as a matter of law because the accident occurred after the product's three year warranty had already expired. However, the Court must reject Defendants' argument. The Court may only consider allegations in the Complaint, exhibits attached to the Complaint, and matters of public record on a motion to dismiss. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). A limitations defense, such as

---

delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." U.S. ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014). In this case, because Plaintiffs' claims are legally insufficient, and not merely factually insufficient, any amendment would be futile.

[9] Claims for breach of express warranty are an enumerated exception to "products liability actions" under the PLA, and therefore are not subsumed under the statute. N.J.S.A. § 2A:58C-1 ("'Product liability action' means any claim or action ... except actions for harm caused by breach of an express warranty.").

this, may only be granted on a motion to dismiss "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002). Here, nothing in the Complaint or any other public document brought to the Court's attention establishes when Plaintiffs bought the allegedly defective Micrograb device. Defendants' assertion that the device was only manufactured during a particular time period, or that Plaintiffs' counsel made certain representations, are insufficient to show that the warranty on Plaintiffs' Micrograb had expired before Plaintiff Nicholas's accident. Therefore, the Court cannot, at this time, dismiss Plaintiffs' breach of express warranty claim. Defendants' motion to dismiss will be denied without prejudice to the extent that it seeks to dismiss Count 3 for breach of express warranty.

## V.   CONCLUSION

The accompanying Order will be entered.

__July 19, 2016__                         __s/ Jerome B. Simandle__
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge