IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS KUHAR, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>PETZL COMPANY, d/b/a PETZEL, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-395 (JBS/JS)<br><br>**MEMORANDUM**<br>**OPINION** |

**SIMANDLE,** District Judge:

    This matter is before the Court on the motion of Defendant/Third Party Defendant Brighton Best, Inc., individually and as successor-in-interest to Porteous Fastener Company, (hereinafter "Defendants Brighton and Porteous") seeking summary judgment. (See Brighton's Mot. [Docket Item 192].) The motion is opposed by Plaintiffs Nicholas and Julie Kuhar (hereinafter "Plaintiffs") and by Defendant/Third Party Plaintiff Uintah Fastener & Supply (hereinafter "Defendant Uintah"). (See Pls.' Opp'n [Docket Item 211]; Uintah's Opp'n [Docket Item 219].) For the reasons set forth below the Court will deny Defendants Brighton and Porteous' motion for summary judgment.

1.  **Factual and Procedural Background.**[1] The factual and procedural background of this case was previously detailed in the Court's prior opinions, and shall only be repeated herein insofar as necessary for the disposition of the present motion.

2.  **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378 (2007); Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

---

[1] For purposes of the instant motion and pursuant to Local Civil Rule 56.1, the Court looks to the Second Amended Complaint, [Docket Item 103] when appropriate, Defendant Brighton and Porteous' Statement of Material Facts, [Docket Item 192-11], Plaintiffs' Response to Statement of Material Facts, [Docket Item 211, 1-2 on the docket], Defendant Uintah's Response to Statement of Undisputed Facts and Counter Statement of Facts, [Docket Item 218-17], and related exhibits and documents. Where not otherwise noted, the facts are undisputed by the parties.

3. A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The non-moving party "need not match, item for item, each piece of evidence proffered by the movant," but must present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. Boyle v. Cnty. of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252).

4. **Discussion.** In the present motion, Defendants Brighton and Porteous seek summary judgment in their favor with regard to all claims currently pending against them in this case. (See B&P's Br. [Docket Item 192-12].) Defendants Brighton and Porteous assert (a) that they were not involved in the design or manufacture of the bolt at issue in this suit, (b) that there is no evidence that they supplied the bolt at issue in this suit, and (c) that Plaintiffs have not filed an expert report that implicates Defendants Brighton and Porteous in the accident at the center of this suit. (See id.)[2]

---

[2] Defendant Brighton further asserts that there is no genuine dispute of material fact in this case. (See B&P's Br. [Docket Item 192-12], 16.) However, the Court shall not treat this as a separate justification for granting summary judgment, because it is in fact the standard by which Defendant Brighton's other bases for relief

a. <u>Involvement in Design and Manufacture.</u> Defendants Brighton and Porteous assert that they are entitled to summary judgment because there has been no evidence presented that they were involved in the design or manufacture of the bolt at issue in this case. (B&P's Br. [Docket Item 192-12], 10-11.) Plaintiffs and Defendant Uintah respond that it is not necessary to show that Defendants Brighton and Porteous were involved in the design or manufacture of the bolt, because New Jersey law attaches product liability not only to manufacturers, but also to sellers, resellers, distributors, and other entities within a product's supply chain. (Pls.' Br. [Docket Item 211], 2-3 (citing N.J. STAT. ANN. § 2A:58C-2; <u>Straley v. United States</u>, 887 F. Supp. 728, 744 (D.N.J. 1995); <u>Oscar Mayer Corp. v. Mincing Trading Corp.</u>, 744 F. Supp. 79, 84 (D.N.J. 1990)); Uintah's Br. [Docket Item 218], 4 (citing <u>Soler v. Castmaster, Div. of H.P.M. Corp.</u>, 98 N.J. 137, 145, (1984); <u>McDermott v. TENDUN Constructors</u>, 211 N.J. Super. 196, 208 (App. Div. 1986).) Defendant Uintah rightfully noted that Defendants Brighton and Porteous relied on some of these same authorities. (<u>See</u> Uintah's Br. [Docket Item 218], 4.) New Jersey law states that "[a] manufacturer <u>or seller</u> of a product shall be liable in a product liability action . . . ." N.J. Stat. Ann. § 2A:58C-2 (emphasis

---

must be judged, as explained, <u>supra</u>, not a separate basis for relief in itself.

4

added). As such, evidence that Defendants Brighton and Porteous participated in the design or manufacture of the bolt is not necessary in order for Defendants Brighton and Porteous to be assigned liability in this case as a "seller." Therefore, Defendants Brighton and Porteous' motion shall not be granted on this basis.

      b.    <u>Evidence of Position in Supply Chain.</u> Defendants Brighton and Porteous further assert that they are entitled to summary judgment on the basis that there is no "proof" that either Defendant Brighton or Defendant Porteous supplied the bolt at issue in this case. (B&P's Br. [Docket Item 192-12], 11-13.) Plaintiffs respond that whether or not either Defendant Brighton or Defendant Porteous supplied the bolt at issue in this case is "an issue of material fact" and that "the jury [should be] permitted to determine" whether they supplied the bolt. (Pls.' Br. [Docket Item 211], 2.) Defendant Uintah responds that Defendants Brighton and Porteous admit that they have sold the type of bolt at issue in this case continuously since 1996 and that they supplied such bolts to Uintah during the relevant time period. (<u>See</u> Uintah's Br. [Docket Item 218], 5 (citing Defendants Brighton and Porteous' Responses to Interrogatories [Docket Item 192-5], ¶ 1; Deposition of Dustin Henderson [Docket Item 192-8], 30:22-32:2).) Defendant Uintah further notes that Defendants Brighton and Porteous have

5

explicitly stated that they cannot deny that they supplied the exact bolt involved in this case to Uintah. (Id. (citing Deposition of Dustin Henderson [Docket Item 192-8], 36:10-17).) Defendant Uintah further directs the Court's attention to the fact that neither Defendants Brighton and Porteous nor Defendant Uintah are in possession of sales records from the relevant time period to show definitively whether or not the bolt in question was supplied to Defendant Uintah by Defendants Brighton and Porteous. (Id. at 5-7.) However, Defendant Uintah has provided evidence that it purchased the type of bolt in question in this case from Defendants Brighton and Porteous for a long period of time, beginning at least in 1996 and continuing to the present. (Id. 5-9 (citing Defendants Brighton and Porteous' Responses to Interrogatories [Docket Item 192-5], ¶ 1; Deposition of Dustin Henderson [Docket Item 192-8], 30:22-32:2); Sales Records [Docket Items 218-3, 218-6, 218-7, 218-8, 218-9, 218-10, 218-11, 218-12, 218-13, 218-14, 218-15, 218-16]).) Taking all reasonable inferences in the light most favorable to the non-moving parties, in this case Defendant Uintah and Plaintiffs, the Court finds that a continuing course of business between Defendants Brighton and Porteous and Defendant Uintah, both before and after the bolt in issue in this case was procured, can lead to the reasonable inference that the bolt was procured by way of this course of business. Therefore, the Court finds that there

is sufficient circumstantial evidence on the record for a reasonable finder of fact to find that Defendants Brighton and Porteous supplied the bolt in question in this case to Defendant Uintah. Therefore, Defendants Brighton and Porteous' motion shall not be granted on this basis.

      c.    <u>Expert Report.</u> Defendants Brighton and Porteous finally assert that they are entitled to summary judgment because Plaintiffs have not produced an expert report that specifically names Defendants Brighton and Porteous as liable for the injuries in this case. (B&P's Br. [Docket Item 192-12], 13-15.) However, Defendants Brighton and Porteous do not cite any legal authority that stands for the proposition that a plaintiff's expert report in a product liability suit must specifically name alleged sellers of the product in order for liability to attach to those alleged sellers. (<u>See</u> <u>generally</u> <u>id.</u>) Indeed, this argument appears to be a restatement of Defendants Brighton and Porteous' argument regarding the design and manufacture of this bolt, addressed, <u>supra</u>. Defendant Uintah responds to Defendants Brighton and Porteous' argument by asserting that whether they are specifically named in the expert report "is meaningless to [Defendants Brighton and Porteous'] potential liability." (Uintah's Br. [Docket Item 218], 9-10.) The Court finds that it is not necessary for Defendants Brighton and Porteous to be specifically named by Plaintiffs' expert in

7

order for the question of liability to go to trial. Therefore, Defendants Brighton and Porteous' motion shall not be granted on this basis and their motion [Docket Item 192] shall be denied.

5. **Conclusion.** For the reasons set forth above, Defendants Brighton and Porteous' motion for summary judgment [Docket Item 192] shall be denied. An accompanying Order will be entered.


**December 10, 2018**         **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge