IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS KUHAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETZL COMPANY, d/b/a PETZEL; et al., <br><br> Defendants. | HONORABLE RENÉE MARIE BUMB <br><br> Civil Action <br> No. 16-395 (RMB/JS) <br><br> **MEMORANDUM OPINION ADOPTING** <br> **REPORT AND RECOMMENDATION** |

1. This matter comes before the Court upon the Report and Recommendation of the Honorable Joel Schneider, U.S. Magistrate Judge entered October 21, 2019 [Docket Item 338], which recommended that the Motions for Summary Judgment filed by Defendants Bailey's Corporation, Uintah Fastener & Supply, Petzl Corporation and Petzl America, and by Brighton Best, Inc. and Porteous Fastener Co. [Docket Items 184, 186, 193 and 326] be granted in their entirety and that summary judgment be entered in favor of all aforenamed defendants. Plaintiffs filed objections to Judge Schneider's Report and Recommendation [Docket Item 344] and responses to those objections were filed by Defendants Bailey's Corporation, Uintah Fastener & Supply, Petzl America, and by Brighton Best, Inc. and Porteous Fastener Co. [Docket Items 347, 349, 350, 351].

2. **Factual and Procedural Background.** The factual and procedural background of this case has been detailed in numerous prior Opinions by the late Honorable Jerome B. Simandle and by Judge Schneider. (See Kuhar v. Petzl Co., No. 16-395, 2016 WL 3921145, at *1-2 (D.N.J. July 19, 2016) (Simandle, J.); Opinion [Docket Item 84], 2-3; Opinion [Docket Item 234], 3-16; Memorandum Opinion and Order [Docket Item 257]; Memorandum Opinion and Order [Docket Item 269]; Memorandum Opinion [Docket Item 277]; Memorandum Opinion and Order [Docket Item 324]; Memorandum Opinion and Order [Docket Item 325].) Therefore, such background shall only be repeated herein insofar as it is necessary for the disposition of the present issue.

3. **Standard of Review.** The Third Circuit has recently reiterated that

> [w]here a party files [Federal] Rule [of Civil Procedure] 72 objections to [a magistrate judge's Report and Recommendation], a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The [district] court is not required to conduct a de novo evidentiary hearing as part of that determination. United States v. Raddatz, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed.2d 424 (1980) (exploring the legislative intent behind Section 636 and concluding that de novo hearings are not required). Rather, it may use its "sound judicial discretion" in making its determinations. Id. at 676, 100 S. Ct. 2406, see also D.N.J. Local Civ. R. 72.1(c)(2) (A district judge "may consider the record

> developed before the Magistrate Judge, making
> his or her own determination on the basis of
> that record.")

Ezekwo v. Quirk, No. 18-2061, 2019 WL 4257015, at *2 (3d Cir. Sept. 9, 2019). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

4. **Discussion.** While Plaintiffs failed to clearly enumerate their objections to Judge Schneider's Report and Recommendation, the Court had identified three distinct claims made in Plaintiffs' brief: (1) that Judge Schneider incorrectly determined that the product at issue is a complex instrumentality and therefore requires expert testimony, (2) that Judge Schneider incorrectly determined that Plaintiffs were required to produce expert testimony in order to pursue a claim under the indeterminate product defect test, and (3) that Judge Schneider inappropriately "failed to consider the failure to warn claim made by plaintiff[s], because it was 'introduced for the first time in his reply brief.'" (See Pls.' Obj. [Docket Item 344].) The Court shall address each of these three issues in turn.

5. Complex Instrumentality. Plaintiffs first assert that Judge Schneider was incorrect in determining that the product at issue was a complex instrumentality. (See id. at 2-4.) However, this issue has already been determined by the Court. On October

3

15, 2019, Judge Schneider issued a separate Report and Recommendation that found both the bolt and the "micrograb" device containing the bolt were complex instrumentalities. (See Report and Recommendation [Docket Item 337], 8-14.) No objections were filed with regard to that Report and Recommendation and, on October 31, 2019, the Court adopted that Report and Recommendation in full. (See Order [Docket Item 343].) Therefore, the Court has already determined that both the bolt and the "micrograb" are complex instrumentalities for the purposes of the present case. Plaintiffs have not sought reconsideration of that holding, nor have they presented any basis for such reconsideration. As such, the Court shall not alter Judge Schneider's reasoning or holding with respect to this issue in the present Report and Recommendation.

6. Plaintiffs next assert that Judge Schneider incorrectly determined that Plaintiffs were required to produce expert testimony in order to pursue a claim under the indeterminate product defect test. (See Pls.' Obj. [Docket Item 344], 4-5.) Plaintiffs argue that a reasonable jury could be expected to understand that the bolt contained in the "micrograb" could not have broken but for a product defect. (See id.) Judge Schneider's Report and Recommendation undertook a thorough analysis of the indeterminate product defect test and how it relates to the specific facts of the present case. (See Report and Recommendation [Docket Item 338], 13-16.) Judge Schneider found that expert

4

testimony is required for Plaintiffs to succeed under this theory because "the jury has to understand the intricacies of metallurgy, engineering, and other complex scientific principles not common to the layperson." (Id. at 15.) Additionally, Judge Schneider found that the broken bolt had been in regular use for seven years prior to it breaking, therefore a jury could not simply conclude that any relevant product defect existed at the time of sale. (Id. at 15-16.) Additionally, the bolt in question was not even found until three or four months after the bolt allegedly broke, having been left outdoors, exposed to the elements for that whole time. (Id. at 16.) Plaintiffs' objections do not address any of these findings, nor do they provide the Court with any reason to disturb these findings or Judge Schneider's ultimate conclusion that the intricacies of this case require expert testimony to assist the jury in understanding the impact of the factors described above. (See generally Pls.' Obj. [Docket Item 344].) The Court finds that Judge Schneider's Report and Recommendation fairly analyzes the complexities of this case and the numerous reasons that a jury would require expert testimony in order to understand the nexus of any defect alleged to be exhibited by the bolt in this case. As such, the Court shall not alter Judge Schneider's reasoning or holding with respect to this issue in the present Report and Recommendation.

7. Finally, Plaintiffs assert that Judge Schneider inappropriately "failed to consider the failure to warn claim made by plaintiff[s], because it was 'introduced for the first time in his reply brief.'" (See Pls.' Obj. [Docket Item 344], 6.) However, notwithstanding Judge Schneider's acknowledgement that Plaintiffs' counsel admitted on the record that Plaintiffs' failure to warn claim was first made in a reply brief, the Report and Recommendation clearly then goes on to analyze the merits of Plaintiffs' failure to warn claim and nevertheless recommends granting summary judgment in favor of Defendants. (See Report and Recommendation [Docket Item 338], 17-24.) As Plaintiffs do not take any issue with Judge Schneider's analysis of the merits of Plaintiffs' failure to warn claim, the Court shall not alter Judge Schneider's reasoning or holding with respect to this issue in the present Report and Recommendation.

8. **Conclusion.** For the foregoing reasons, the Court will adopt Judge Schneider's Report and Recommendation [Docket Item 338] in its entirety and enter summary judgment on behalf of Defendants Bailey's Corporation, Uintah Fastener & Supply, Petzl Corporation and Petzl America, and Brighton Best, Inc. and Porteous Fastener Co. The accompanying Order will be entered.

_November 19, 2019_
Date

_[signature]_
RENÉE MARIE BUMB
United States District Judge