[Docket No. 366]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| NICHOLAS KUHAR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PETZL COMPANY, d/b/a PETZEL, *et al.*, <br><br> Defendants. | Civil No. 16-00395 (RMB/JS) <br><br> OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon a Motion for Reconsideration filed by Plaintiffs Nicholas and Julie Kuhar ("**Plaintiffs**") on June 29, 2022. [Docket No. 366.] In the Motion, Plaintiffs ask the Court to revisit two Orders of the Clerk of the Court [Docket Nos. 364, 365] granting, in part, and denying, in part, the Motions to Tax Costs against Plaintiffs filed by Defendants Petzl America, Inc. and Uintah Fastener & Supply, LLC ("**Defendants**"). [Docket Nos. 355, 356.] For the reasons set forth below, Plaintiffs' Motion will be **DENIED**.[1]

---

[1] The Clerk of the Court adequately set forth the factual and procedural history of this action in depth in his Orders of June 27, 2022, [Docket Nos. 355, 356], which the Court incorporates herein by reference and with which the Court assumes the parties' familiarity. The Court only recites those facts necessary to dispose of Plaintiffs' Motion for Reconsideration.

Initially, Plaintiffs based their argument for reconsideration on a procedural matter, claiming that the Clerk resolved Defendants' Motions to Tax Costs before the Court's stay of this matter had been lifted. [Docket No. 366.] Previously, on January 7, 2020, the Court stayed Defendants' Motions to Tax Costs pending the outcome of Plaintiffs' merits appeal to the Third Circuit Court of Appeals and indicated that any party shall file a motion on the docket to lift the stay, if necessary. [Docket No. 359.] The Third Circuit issued judgment on April 13, 2022, [Docket No. 360], and on June 27, 2022—months after receiving Defendants' April 18, 2022 letters requesting that the Clerk resolve their Motions [Docket Nos. 361, 362]—the Clerk considered Defendants' claimed costs in painstaking detail and issued the Orders, [Docket Nos. 364, 365].[2] Because Plaintiffs did not submit a substantive argument in support of reconsideration, on December 19, 2022, the Court issued an Order to Show Cause directing Plaintiffs to explain why the Clerk's Orders were issued in error and why reconsideration would not prove futile. [Docket No. 369.] On December 30, 2022, Plaintiffs timely submitted their Response. [Docket No. 370.]

In their Response, Plaintiffs claim that the Clerk incorrectly taxed costs associated with the depositions of Trooper A.C. Garnier and Dr. Robert A. Iezzi. [Docket No. 370, at 2–4.] They argue that the deposition of Trooper Garnier was

---

[2] The Clerk observed that Defendants "asked the Court to adjudicate this taxation motion, essentially asking that the stay be lifted. To date, Plaintiffs have neither filed opposition to this motion, nor sought permission to do so." [Docket No. 364, at 4 n.1.] Clearly, the Clerk's Orders were not issued hastily or in a vacuum. Plaintiffs had sufficient time to oppose Defendants' Motions or to respond to their letters requesting the Clerk's disposition. Plaintiffs chose not to do so.

2

unnecessary because it confirmed uncontroverted information, and that the deposition of Dr. Iezzi was irrelevant because Defendants believed they had to demonstrate bad faith to support their spoliation motion. [*Id.*] From the Court's review of the record and independent computation, Plaintiffs are claiming that $1,173.30 of costs were incorrectly taxed.

The applicable law governing a bill of costs is clear. The clerk may tax costs to the prevailing party on 14 days' notice, and the court may review the clerk's action on motion served within the following 7 days. Fed. R. Civ. P. 54(d)(1). Reimbursable costs are limited to those enumerated in 28 U.S.C. § 1920, which are:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under Section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title.

28 U.S.C. § 1920; *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 n.2 (3d Cir. 2010). While a district court reviews the clerk's determination of costs *de novo*, there is a strong presumption in favor of awarding costs to the prevailing party. *Id.* at 288 (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* (quoting *In re Paoli*, 221 F.3d at 462–63, 468)).

Deposition transcripts are taxable so long as they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Courts generally interpret this language to mean that the deposition transcript must have "appeared 'reasonably necessary' to the parties in light of a particular situation existing at the time[] [it] w[as] taken,' " not that it must have been used at trial. *Thabault v. Chait*, 2009 WL 69332, at *7 (D.N.J. Jan. 7, 2009) (quoting *Datascope Corp. v. SMEC, Inc.*, 1988 WL 98523, at *3 (D.N.J. Sept. 15, 1988)); *see also Care One Mgmt., LLC v. United Healthcare Workers East, SEIU 1199*, 2020 WL 3482134, at *4 (D.N.J. (June 26, 2020) (denying challenge to taxing costs associated with obtaining depositions where based upon hindsight, not reasonable expectation at time depositions were taken); *In re Processed Egg Prods. Antitrust Litig.*, 2022 WL 3030525, at *3 (E.D. Pa. July 29, 2022) (taxing costs of depositions that appeared at the time to be relevant to litigant's defense). A deposition is taxable unless it is "virtually irrelevant" to the case. *Chait*, 2009 WL 69332, at *9.

Here, the Court finds Plaintiffs argument to be frivolous. The depositions of Trooper Garnier and Dr. Iezzi appear to the Court, as they appeared to the Clerk, to have been reasonably necessary to this litigation at the time they were taken. Trooper Garnier responded to the scene of the accident and reported seeing two witnesses there. While Trooper Garnier's testimony may have ultimately confirmed uncontroverted information, the Court will not find that his deposition was thus unnecessary at the time it was taken. *See id.* at *7. Next, Dr. Iezzi's deposition was reasonably necessary, too. Dr. Iezzi was Plaintiffs' first expert, and even as Plaintiffs acknowledge, his deposition was Court-ordered upon Defendants' motion. [Docket

4

No. 370, at 3.] Defendants deposed him "regarding the post-accident condition of the bolt, its handling and changes to the bolt made by Micron, prior to the defense's examination of the bolt." [Docket No. 364, at 17.] The Court cannot conclude—whether or not Defendants were "operating under an incorrect theory of law" in support of their spoliation motion [Docket No. 370, at 4]—that his testimony was "virtually irrelevant to this case." *Chait*, 2009 WL 69332, at *9. Given that there is a "strong presumption" in favor of awarding costs, *In re Paoli*, 221 F.3d at 462, the Court rejects Plaintiffs objections, which are based on the benefit of hindsight.

In sum, Plaintiffs have not supplied the Court with a compelling reason to disturb the findings of the Clerk of the Court.[3] Thus, the Court will **DENY** their Motion for Reconsideration. An accompanying Order shall issue on today's date.

February 15, 2023                  s/Renée Marie Bumb
Date                                              Renée Marie Bumb
                                                           Chief United States District Judge

---

[3] As articulated above, the Court is mindful that Federal Rule of Civil Procedure 54(d)(1) empowers the Court to review the Clerk's findings on motion timely made, and the Court reviews such findings *de novo*. By rejecting Plaintiffs' Motion as "frivolous" and observing that it is supported by unpersuasive arguments, the Court is merely emphasizing the weakness of Plaintiffs' challenge in this lingering, long-running litigation. It is not according some special deference to the Clerk.